IN THE MATTER OF THE ESTATE OF JAMES STEVENS, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided February 15, 1952.

*Mr. Thomas R. Clevenger,* for plaintiff Camden Trust Company, substituted administrator of the estate of James Stevens, deceased.

*Mr. George J. Chryssikos,* for defendants Michael Stevens and A. J. Poumpouras, Consul General of Greece, representing unknown heirs.

*Mr. George G. Tartar,* for defendant Saint George Orthodox Greek Church of Philadelphia, Pennsylvania.

*Mr. John J. Frank,* for defendant John P. Tutules, Adm., etc. (*Messrs. Hueston & Frank,* attorneys).

HANEMAN, J. S. C. Plaintiff herein seeks the construction of the will of James Stevens, deceased, who died on November 7, 1927.

Under the terms of said will, testator made a number of general pecuniary bequests to specified individuals by the first five paragraphs of his will.

The questions here involved concern themselves, generally, with the following:

In paragraph Fifth the testator bequeathed, *inter alia,* to "Demo———, of Chouni, Greece. My Executors will know or ascertain the surname of the last named godchild."

Paragraphs Sixth, Seventh, Twelfth and Fifteenth in part read as follows:

"Sixth: I give and bequeath Five Thousand Dollars for the building of a school, to be built in Mavoula, Greece, for young girls residing in Mavoula, Greece.

Seventh: I give and bequeath Five Thousand Dollars toward the building of a hospital in Sparta, Greece, if none is built within

five years the said bequest to lapse and go into my residuary estate. If said hospital is built I would like a ward to be named in memory of Demetrios Stathopoulos.

Twelfth: I direct my hereinafter named Executors to collect the income from my estate and pay therefrom the sum of One Hundred Fifty Dollars per month to my said wife, Anna Stevens, until such time as my real estate shall have been sold, at which time I direct my hereinafter *names* Executors to pay over to the Trustee hereinafter named a sufficient sum of money up to Forty Thousand Dollars, as will, in the judgment of said Trustee, enable the said Trustee, to pay my said wife, Anna Stevens, One Hundred Fifty Dollars per month for the rest of her natural life. The use of the above house and the above set forth income for life shall be in lieu of all dower or claim of any kind or demand which my said wife, Anna Stevens, may have against my estate.

Fifteenth: When all bequests have been paid and the above set forth trust fund has been established, I direct my hereinafter named Executors to divide all the rest, residue and remainder of my estate into nine equal shares which I give, devise and bequeath a share each to my nine brothers and sisters, Anastasios Stathapoulos, John Stathopoulos, Ousta Stevens, Michael Stevens, Antonio Stathopoulos, Panagiota Tutules (formerly Stathopoulos), Stamatula Vavarugu (formerly Stathopoulos), Zaphira Hupe (formerly Stathopoulos), and Catherine Panyoti (formerly Stathopoulos), or the heirs of any of the said brothers and sisters who should predecease me, said heirs to take only the share their deceased ancestor would have taken if alive at the time of my death. This disposition is also to be made of the trust fund established to pay my wife, Anna Stevens, a life income, on the death of my said wife."

The general pecuniary bequests, except for paragraph Fifteenth, amounted to $46,000. After the payment to the widow, Anna Stevens, in the manner provided by said will, the balance in hand is far less than sufficient to pay them in full.

The widow, Anna Stevens, died on October 15, 1948, and the premises referred to in paragraph Eleventh of the will have now been sold.

The questions propounded are as follows:

(1) Should the funds now in the hands of the administrator *c. t. a.* be paid to the legatees referred to in paragraph Fifteenth or should they be paid to the legatees mentioned in the other paragraphs of said will?

(2) In the event the court finds that payment should not be made to the legatees as set forth in paragraph Fifteenth, should any payments be made under the provisions contained in paragraphs Fifth (to "Demo———"), Sixth and Seventh of said will?

(3) What amount should be paid, in any event, to each of said legatees?

It may be generally stated that there are two classes of legatees here concerned with the disposition of the assets of this estate, those mentioned in paragraph Fifteenth and those mentioned in the other paragraphs of said will. The legatees mentioned in paragraph Fifteenth are the residuary legatees. The residue of a testator's estate is what is left over after the payment of all debts, legacies, expenses of administration and other proper charges and commissions. *Berger v. Burnett*, 95 *N. J. Eq.* 643 (*E. & A.* 1923); *Summit Trust Co. v. McAuley Water St. Mission*, 125 *N. J. Eq.* 505 (*E. & A.* 1939).

Testator gave the residue of his real and personal estate in one mass to the legatees mentioned in paragraph Fifteenth of his will. The general legacies created by parapraphs other than paragraph Fifteenth are a charge on the residuary real as well as personal estate. *Corwine v. Corwine*, 24 *N. J. Eq.* 579 (*E. & A.* 1874); *Federal Trust Co. v. Ost*, 120 *N. J. Eq.* 475 (*Ch.* 1936), affirmed 121 *N. J. Eq.* 608 (*E. & A.* 1937).

Since there are insufficient assets to pay all of the legacies in full, the non-residuary legatees will be preferred over the residuary legatees. In the event that the funds in hand are insufficient to pay the non-residuary legatees in full, such funds will be pro-rated among the non-residuary legatees, and the residuary legatees will receive nothing.

Where an abatement of legacies becomes necessary, it should be accomplished in the following manner: (1) residuary estate, (2) other general legacies, *pro rata*. *Provident Trust Co. v. Osborne*, 133 *N. J. Eq.* 518 (*Ch.* 1943).

I find as a fact from the proofs adduced before me, and conclude therefrom, as follows:

■ 1. The funds in the hands of the administrator *c. t. a.* should be distributed first to the legatees mentioned in paragraphs other than paragraph Fifteenth, with the exception of those hereafter set forth, *pro rata*, and if there is a sufficient sum to pay them in full, then the balance thereafter left over should be distributed *pro rata* to the legatees mentioned in paragraph Fifteenth.

■ 2. The provisions contained in paragraphs Fifth (to Demo————), Sixth and Seventh lapse and should be distributed as above set forth.

(a) The provision in paragraph Fifth, under the proofs, fails as being too vague, since the person therein referred to cannot be ascertained.

(b) The provision of paragraph Sixth fails, since 24 years have elapsed since the testator died, no school of the nature provided in the will exists or was constructed in Mavoula, Greece, and the funds available would be so small as to be inconsequential and totally inadequate for the purposes expressed in the will.

(c) The provision of paragraph Seventh fails, since no hospital was built in Sparta, Greece, within five years of testator's death.

3. The funds available will be prorated as above set forth.

Judgment will be entered accordingly, including the designation of the specific individuals and the exact amounts each is to receive.